UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DIN CELAJ,                                                   :
                                                             :
                                                Plaintiff,   :
                                                             :
            -against-                                        :         1:13-cv-1290 (ALC)
                                                             :
UNITED STATES OF AMERICA,                                    :         __ORDER DENYING THE__
                                                             :         __DEFENDANT'S MOTION FOR__
                                            Defendants.   :         __RECONSIDERATION AND DENYING__
                                                             :         __THE GOVERNMENT'S MOTION FOR__
                                                             :         __RECONSIDERATION WITHOUT__
                                                             :         __PREJUDICE__


---------------------------------------------------------------------x


**ANDREW L. CARTER, JR., United States District Judge:**


A portion of my February 1, 2021 opinion vacated Counts V and VI of the

indictment, finding that attempted Hobbs Act Robbery is not a crime of violence under

18 U.S.C. § 924(c).  As noted in the opinion, at that time, the Second Circuit had not

addressed the issue.  On April 22, 2021, the Second Circuit in *McCoy* decided that

attempted Hobbs Act Robbery is a crime of violence.  *United States v. McCoy*, 995 F. 3d

32 (2nd Cir. 2021).


This intervening change of law would typically entitle the government to

reconsideration of my earlier decision.  However, both parties have asked me to stay

granting the motion for reconsideration because the Supreme Court has granted cert in a

case turning on the same issue: *United States v. Taylor*, Supreme Court Dkt. No. 20-1459.

Moreover, a cert petition has been filed in *McCoy*.  I agree that I should not grant the

motion for reconsideration now.  However, since the parties will need to address the

Supreme Court's decision in *Taylor* to fully brief any motion for reconsideration, for the

sake of efficiency, I deny the government's motion for reconsideration without prejudice.

Following the Supreme Court's decision, the government may file a more comprehensive

motion for reconsideration.


The defendant wants me to reconsider my denial of the portions of his ineffective

assistance claim relating to his alleged denial of his right to testify and his lawyer's

decision to enter into a stipulation at trial.  The defendant's motion for reconsideration is

denied.  Under our local rules, a motion for reconsideration must be filed within 14 days.

While the government's delay in seeking a motion for reconsideration was justified,

based on the change in the law emanating from a circuit decision 3 months later, the

defendant offers no justification for the delay, nor does he satisfy the other requirements

for reconsideration.


The court will still need to conduct an evidentiary hearing regarding the

remainder of Celaj's ineffective assistance claim.  On or before October 27, the parties

should file a joint status report regarding their availability for this evidentiary hearing in

January and/or February of 2022.

SO ORDERED.


Dated:          October 7, 2021
                New York, New York


                                        /s/ Andrew L. Carter, Jr.
                                **ANDREW L. CARTER, JR.**
                                United States District Judge